# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JEREMIAH J. ADRIAN, Register No. 360344, )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )   No. 08-4122-CV-C-SOW
                                          )
C.O. LUCAS PEERY, et al.,                 )
                                          )
                    Defendants.           )

## REPORT AND RECOMMENDATION

Plaintiff Jeremiah J. Adrian, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

On May 30 and again on June 26, 2008, the Clerk of Court mailed to plaintiff forms for proceeding in forma pauperis. Plaintiff failed to complete and return such forms and on July 31, 2008, plaintiff was ordered to show cause why his claims should not be dismissed for his failure to prosecute. As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order." Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

A review of the record reveals plaintiff has not taken steps to advance his claims since May 30, 2008. Absent a reasonable explanation for the failure to prosecute, this case should be dismissed.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, pursuant to the provisions of Fed. R. Civ. P. 41(b), for failure to prosecute and to comply with court orders.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 3rd day of September, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge